UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| BLUE MOUNTAIN ENERGY, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) No. 14-9651 |
| TERRY GUNDERSON and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, | ) |
| Respondents, | ) |

OBJECTION TO PETITION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

    Blue Mountain Energy and its carrier (collectively "Blue Mountain") hereby object to the petition for attorneys' fees and reimbursement of expenses submitted in the above case. Counsel seeks almost $66,000 in fees and expenses, not just for the appeal in Case No. 14-9651, but for the prior appeal in Case No. 08-9537, completed in 2010. The following is submitted in support of Blue Mountain's position that this petition should be reduced.

    1.    Over the years, the Supreme Court often has articulated comprehensive rules for courts to apply in evaluating fee-shifting applications. These rules prohibit fee enhancement for contingency or risk of loss, and impose market criteria for determining both the hours and rates for attorneys entitled to a shifted fee. See, e.g., Perdue v. Kenny A, 559 U.S. 542 (2010); Burlington v. Dague, 505 U.S. 557 (1992).[1] The appropriate rate multiplied by the reasonable hours expended provides

---

[1]     Although Blue Mountain does not contest the hourly rate requested in this petition, it does challenge the correctness of counsel's statement that the requested

a presumptively correct fee for the attorney. <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986) ("<u>Delaware Valley I</u>"). The fee applicant always has the burden of proving both the rate and the reasonableness of the hours expended. <u>Blum</u>, 465 U.S. at 895 n.11; <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983).

2.   Here, counsel seeks a total of 233.40 hours for writing a petitioner's brief in the initial appeal and a respondent's brief in the second appeal. The petition makes no showing of why the number of hours requested are reasonable other than a statement that the issues were important and both appeals and the litigation was vigorously contested. Petition at page 3. That is not sufficient to justify the number of hours requested here.

3.   As a threshold matter, the request for reimbursement for services performed in the initial appeal (133.40 hours) should be declined. Under 33 U.S.C. § 928(a), *incorporated by reference into* 30 U.S.C. § 932(a), fees may be shifted to a prevailing party. But merely keeping a claim alive, as Gunderson did in his initial appeal, is not the same as prevailing on appeal. A victory on appeal that does not establish entitlement to a claim but merely keeps the claim alive does not make the victor a prevailing party entitled to attorney's fees. <u>Hanrahan v. Hampton</u>, 446 U.S. 754 (1980) (per curiam); <u>Richardson v. Penfold</u>, 900 F.2d 116, 119 (7th Cir.1990). No fees should be awarded for that appeal.

4.   In the alternative, the number of hours should be reduced significantly. Counsel concedes, as they must, that they are well qualified to take this representation, having been involved in the program since the early 1980s and having

---

rate is reasonable in light of the "extraordinarily high" risk of loss in black lung cases or delay in payment. Petition at 5, 6. These are not valid criteria to consider in determining counsel's market rate or in deriving an appropriate fee. *See* <u>Burlington v. Dague</u>, 505 U.S. 557.

considerable experience in claims under the federal Black Lung Benefits Act as well as other areas of law. *Id.* at 4. That experience should have reduced the number of hours required in these two appeals. It also should have eliminated the need for multiple lawyers to participate in this case. Yet, despite this experience—and despite counsel's request for an additional $112,411.25 for litigating the same issues raised on appeal before the Department of Labor's Office of Administrative Law Judges and the Benefits Review Board—counsel requests payment for another 233.40 hours before this Court using the services of two attorneys with no explanation.

5. This amount of time does not reflect even reasonable billing judgment and if billed to a fee paying client would most likely invoke an angry response and more likely a refusal to pay. In this circuit—and elsewhere--"[t]he prevailing party must make a `good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting Hensley, 461 U.S. at 434). The number of hours here reflects no such effort. Counsel's reliance on the alleged complexity of the case does not justify the number of hours billed. There is nothing novel or complex about this case. Most black lung cases are repetitive and routine. The files may be large and the cases may extend over a long period of time, but these claims involve only four elements of entitlement (disease, disease causation, disability and disability causation), and one (disease causation) is presumed where the claimant worked for more than ten years as a coal miner. This case presented no exception. There were only four medical opinions at issue and, having briefed the case repeatedly at the Department of Labor as well as once before this court, it is only reasonable to expect that the second time around, some efficiency would have been achieved.

6. Nor was Gunderson's lawyer alone responsible for defending the only arguably novel issue raised on appeal, *i.e.*, whether an ALJ could properly rely on the Department of Labor's preamble to its regulations to break a tie among the medical

opinions. The Department of Labor vigorously defended the ALJ's resort to the preamble. And, counsel's time records disclose at least one discussion among counsel concerning briefing. Fee-paying clients would expect such coordination to produce efficiency or a reduced fee. All that was really necessary—or reasonable—for Gunderson's lawyer to do under these circumstances was to file a "me too" brief.

7. The Fourth Circuit considered a similar situation in <u>Broyles v. Director, OWCP</u>, 974 F.2d 508 (4th Cir. 1992), where, among other hours, a claimant's lawyer sought 97.9 hours to draft a petitioner's brief in a consolidated appeal. The Fourth Circuit found the number of hours claimed was excessive given the experience claimed by the attorneys and the hourly rates sought by them. <u>Broyles</u>, 974 F.2d at 510. The Court cautioned:

> Attorneys and the court must keep in mind that the statute provides for reasonable attorneys' fees and such fees are determined by the *reasonable* number of hours multiplied by a *reasonable* hourly rate. What is reasonable depends upon the issues presented and the state of the law on this subject. The present case involved no dispute as to the facts and only the interpretation of a statute.

<u>Broyles</u>, 974 F.2d at 511. This Court found that the fees claimed for work before it "shocks the conscience" especially when counsel was touting his experience. <u>Id.</u> The court found the number of hours counsel alleged to complete the opening brief to be "quite unreasonable" and concluded: "An attorney who is an expert in black lung litigation should be able to prepare the brief filed in this case, and particularly the reply brief filed in this case, in a fraction of the time claimed by this applicant." <u>Id.</u> In <u>Broyles</u>, the lawyers sought a total of $76,795.94 for work performed before the Fourth Circuit; the Court awarded counsel $18,000.[2]

---

[2]  Counsel in <u>Broyles</u> also sought $235,495 for work performed before the U.S. Supreme Court in the case. The Court awarded $25,000 for that work.

8. This case presents the same scenario. In this case, in each appeal, there was only one issue requiring this Court's consideration. In the initial appeal, the only question was whether the ALJ's explanation satisfied the Administrative Procedure Act. In the second appeal, where the ALJ's reliance on the preamble was the centerpiece of the dispute, others circuits had resolved the question in a related context, a point which both DOL and counsel made repeatedly in the briefing to the Court. As in Broyles, it is for the courts to determine a reasonable rate and a case like this one, raising only one issue, should fall within the lower range for litigating such cases. At most, the litigation of both appeals should not have taken more than eighty hours of time.

9. Finally, Blue Mountain objects to the request for reimbursement of the UPS or postage charges for shipping Gunderson's various briefs, charges totaling $226.27. Those charges are included in counsel's overhead and may not be shifted. *See* Ramos v. Lamm, 713 F.3d 546, 559 (10th Cir. 1983) ("such costs [photocopying, postage, telephone, books and overtime secretarial work] are normally absorbed as part of the firms' overhead, and [reimbursement is] correctly refused."); Pitt v. Dir. Office of Workers' Comp. Programs, 9 Black Lung Rep. (MB) 1-159, 1-160-61 (Ben. Rev. Bd. 1986) (denying costs as part of overhead). Similarly, the charge of $218.14 for car rental is excessive. There is no explanation why a cab, which involves a $51.00 flat fee between the airport and downtown Denver, was not sufficient.

WHEREFORE, for the reasons set forth above, this Court should reduce the petition for attorney fees substantially. The fee petition here reflects repetitive work by two different lawyers that was neither necessary nor justified given counsel's experience and the numerous times these identical issues were briefed in this case before this Court and before the Department of Labor. The Court should eliminate

the excessive billing and should deny the request for reimbursement for postage and for the car rental.

                    Respectfully submitted,

                    <u>s/Laura Metcoff Klaus</u>
                    Mark E. Solomons
                    Laura Metcoff Klaus
                    GREENBERG TRAURIG LLP
                    2101 L Street, N.W., Suite 1000
                    Washington, D.C. 20037
                    (202) 533-2362

COMBINED CERTIFICATIONS

I hereby certify that all required privacy redactions to this Objection to Petition for Attorneys' Fees and Reimbursement of Expenses have been made pursuant to Local Rule 25.5 of the Rules of this Court. I also certify that the any paper copies required to be filed with this Court will be identical copies of the electronic version and that the electronic version of this Objection to Verified Bill of Costs was scanned for viruses with the more recent version of our virus scanning program and that this Objection is free of viruses.

Finally, I hereby certify that on December 18, 2015, a copy of the foregoing Objection to Petition for Attorneys' Fees and Reimbursement of Expenses was served on the following counsel of record via email using the Tenth Circuit's CM/ECF filing system:

> Barry Joyner at joyner.barry@dol.gov and
> blls-sol@dol.gov
>
> Gary Stearman at Stearman.gary@dol.gov and
> Blls-sol@dol.gov
>
> Anne Davis at adavis@jjsgd.com
>
>     and
>
> Thomas E. Johnson at tjohnson@jjsgd.com

                                                                                          s/Laura Metcoff Klaus
                                                                                          Laura Metcoff Klaus